IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| CHESTER FINNEY | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:19-CV-30 |
| STRINGFELLOW UNIT | § | |

## **MEMORANDUM OPINION REGARDING VENUE**

Plaintiff, Chester Finney, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the defendant the Stringfellow Unit.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Venue in a civil rights action is determined pursuant to 28 U.S.C. § 1391(b). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred.

Plaintiff's complaint pertains actions or inactions that occurred at the Stringfellow Unit located in Brazoria County which is located in the Southern District of Texas, Galveston Division. It is clear that all of the events or omissions giving rise to his claims occurred in the Southern District of Texas, Galveston Division. Venue, therefore, is not proper in the Eastern District of Texas, Lufkin Division.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. 1406(a).  Plaintiff's claims should be transferred to the Southern District of Texas, Galveston Division.  An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 28th day of March, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE